NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANITA LAUX,

Plaintiff-Appellant,

v.

MENTOR WORLDWIDE, LLC,

Defendant-Appellee.

No.   17-56832

D.C. No. 2:16-cv-01026-ODW-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted November 18, 2019[**]

Before:   CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Anita Laux appeals pro se from the district court's summary judgment in her diversity action alleging state law claims arising from alleged defects in her breast implants manufactured by Mentor Worldwide, LLC. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kohler v. Bed Bath & Beyond, LLC*, 780

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1260, 1263 (9th Cir. 2015). We may affirm on any basis supported by the record. *Id.* We affirm.

Summary judgment was proper for Mentor on each of Laux's state law claims because Laux failed to raise a genuine dispute of material fact as to whether Mentor violated a Food and Drug Administration ("FDA") requirement, and therefore her state law claims are expressly preempted under the Medical Device Amendments ("MDA") to the Food, Drug, and Cosmetic Act. *See Weber v. Allergan, Inc.*, 940 F.3d 1106, 1111 (9th Cir. 2019) ("[F]or a state law claim regarding a Class III medical device[, such as breast implants,] to survive express preemption by the MDA, a plaintiff must establish that the defendant violated an FDA requirement.").

The district court did not abuse its discretion by excluding the opinions of Laux's proffered expert witnesses because their opinions failed to satisfy the requirements of Federal Rule of Evidence 702. *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1231-32 (9th Cir. 2017) (setting forth standard of review and admissibility requirements for expert opinion testimony under Rule 702, as explained in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (district court may exclude information by an expert witness "required to be disclosed by [Federal Rule of Civil Procedure] 26(a) that [was] not properly

disclosed").

The district court did not abuse its discretion by denying Laux's motion for leave to amend her complaint because amendment would have caused an undue delay, prejudiced Mentor, and been futile. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (setting forth standard of review and factors for determining whether to grant leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Laux's motion to supplement the record on appeal is denied. *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016) ("Absent extraordinary circumstances, we generally do not permit parties to supplement the record on appeal.").

Mentor's motion to strike references to portions of deposition transcripts that are not part of the record on appeal is denied as unnecessary.

**AFFIRMED.**